# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAUREL E. TURPEN,

 Plaintiff,

v.            Case No. 16-2596

ARBY'S #5-6012,

 Defendant.

## MEMORANDUM & ORDER

Pro se plaintiff Laurel E. Turpen brings this action against defendant Arby's #5-6012 alleging employment discrimination under Title VII of the Civil Rights Act. Plaintiff filed her complaint in forma pauperis on August 29, 2016. Summons was executed on defendant on September 29, 2016 and defendant took no responsive action. The Clerk entered default against defendant on May 15, 2017 (Doc. 15). This matter is before the court on defendant's Motion to Set Aside Clerks Entry of Default (Doc. 16). Defendant asks the court to set aside the entry of default claiming it was not properly served, that plaintiff will not be prejudiced, and that it has valid defenses to plaintiff's claims. Plaintiff failed to respond to defendant's motion.

Rule 55(c) allows a court to aside an entry of default "for good cause. . . ." The good cause requirement is a "lesser standard for the defaulting party than the excusable negligence which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)). The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of defendant's culpable conduct; (2) whether the plaintiff would be prejudiced if the default should be set aside; and

-1-

(3) whether the defendant presents a meritorious defense. *Id.* (citing *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)). The court may consider other factors as well. *Guttman v. Silverberg*, 167 F. App'x. 1, 4 (10th Cir. 2005).

It is within the court's discretion whether to set aside a default; however, "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

Here, defendant has made a sufficient showing to justify setting aside the entry of default. First, the default was not the result of defendant's culpable conduct, as defendant raises valid issues with service of process. Further, defendant sets forth numerous meritorious defenses to plaintiff's claims, including failure to exhaust administrative remedies. *See Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993) (noting, "[e]xhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court.").

The court finds that defendant has shown good cause to set aside the default and grants defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion to Set Aside Clerks Entry of Default (Doc. 16) is granted.

Dated July 7, 2017, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**