IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAUREL E. TURPEN, )
)
        Plaintiff, )
)
v. ) Case No. 16-2596-CM
)
ARBY'S #5-6012, )
)
        Defendant. )

# **ORDER**

Defendant has filed a motion to stay discovery (ECF No. 25) pending a ruling on its motion to dismiss (ECF No. 23). Plaintiff has not filed a timely opposition to the motion to stay.

D. Kan. Rule 7.4(b) provides:

> If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Although the court could grant the motion to stay solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending,[1] but the court has recognized several exceptions to this

---

[1] *See Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing

policy. For example, a stay of discovery may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[2] The decision whether to stay discovery rests in the sound discretion of court,[3] and as a practical matter, this calls for a case-by-case determination.[4]

Upon review of the instant motion and the pending dispositive motion, the court concurs with defendant that a stay of discovery is warranted until the court rules the pending dispositive motion. Defendant's motion to dismiss, if granted, would dispose of the entire case. It seeks judgment as a matter of law, and is not dependent on any information that would be gained through discovery. Accordingly, discovery at this point is unnecessary and potentially wasteful.

IT IS HEREBY ORDERED that defendant's motion to stay discovery (ECF No. 25) is granted. If defendant's motion to dismiss is denied, defendant shall notify the

---

case law)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

[2] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297-98).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[4] *Citizens for Objective Public Educ.*, 2013 WL 6728323, at *1.

undersigned's chambers **within 7 days** of the decision, and the undersigned will then issue an initial order regarding planning and scheduling.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion to review this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If plaintiff does not timely file her objections, no court will allow appellate review.

Dated August 9, 2017, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge