## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LAUREL E. TURPEN,**

    **Plaintiff,**

    **v.**                                                                                                    Case No. 16-2596

**ARBY'S #5-6012,**

    **Defendant.**

## MEMORANDUM AND ORDER

Pro se plaintiff Laurel E. Turpen brings this action against defendant Arby's #5-6012 alleging employment discrimination under Title VII of the Civil Rights Act. This matter is now before the court on defendant's Motion to Dismiss (Doc. 23). Plaintiff failed to timely respond to defendant's motion and did not respond to the Order to Show Cause (Doc. 31) issued by this court on September 27, 2017, in which plaintiff was given until October 13, 2017 to respond to defendant's motion. Because plaintiff failed to comply with the court's order, the court will consider defendant's motion as uncontested pursuant to D. Kan. Rule 7.4(b).

### I. Background

Plaintiff filed an Employment Discrimination Complaint on August 29, 2016 alleging violations of Title VII of the Civil Rights Act for employment discrimination on the basis of race, color, religion, gender, or national origin. (Doc. 1). Plaintiff described the conduct of as, "sent off of job to run errands and things put in my order that doesn't belong and discriminated against for who I date." (Doc. 1, at 3). Plaintiff also listed the following incidents as further bases for her claim:

- A female manager asked her to refer to male customers as "honey, sweetie, or baby" when none of the other female employees were asked to do so.

-1-

- Another female manager asked her to walk up the street to get her tea from McDonald's and, a week later, asked her to take husband his lunch.

- A fellow crew member added red wine vinaigrette to her lunch order of curly fries as a joke and "got a constant attitude" with plaintiff which plaintiff believes to be because of her race. The same crew member also refused to help plaintiff cook curly fries when the restaurant was busy.

(Doc. 1-1). Plaintiff checked both boxes on the form indicating she had filed charges of discrimination with the Kansas State Division of Human Rights and the Equal Employment Opportunity Commission. She also marked "yes" on the form when asked if she had received a Notice of Right-to-Sue Letter. Plaintiff did not, as instructed on the form, attach a copy of the letter, nor has she provided a copy of the letter at any point in the litigation.

## II. Analysis

Defendant first argues plaintiff's complaint should be dismissed because she did not properly exhaust her administrative remedies and has not provided a right-to-sue letter. "Title VII plaintiffs must clear three procedural hurdles before bringing suit in federal court: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter." *Kinney v. Blue Dot Servs. of Kan.*, 505 Fed. App'x 812, 814 (10th Cir. 2012) (citing 42 U.S.C. § 2000e-5(e)(1),(f)(1)). It is plaintiff's burden to show she has satisfied the necessary exhaustion requirements. *Robinson v. Rhodes Furniture, Inc.*, 92 F. Supp. 2d 1162, 1166 (D. Kan. 2000). Plaintiff has failed to meet her burden to show she received a right-to-sue letter, as she did not attach one as required to her complaint and has since failed to provide proof of such letter.

Further, plaintiff has failed to state a claim for discrimination under Title VII. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "enough allegations of

fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Title VII makes it unlawful for an employer to discharge or discriminate against an individual because of race, color, religion, sex, or national origin. U.S.C. § 2000e-2(a). Even when viewed in the light most favorable to her, plaintiff's allegations fail to plead a claim under Title VII. Plaintiff has not established that any actions taken by her employer were discriminatory toward her under Title VII or that she was discharged for a discriminatory purpose.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss is granted.

This case is closed.

Dated October 20, 2017, at Kansas City, Kansas.

   s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**